John Savage and John W. Pratt, plaintiffs in error, *v.* Lucien Berry, administrator of Garrison W. Berry, deceased, defendant in error.

*Error to Morgan.*

A bill in chancery alleged that on the 12th of August, 1834, S. & P. made their note to one B., for $175; that the note was to be made payable in April, 1836, but in writing the note there was a mistake made in the time of payment, by inserting in the note that it was payable one thousand *eighteen* hundred and thirty-six, instead of one thousand eight hundred and thirty-six; that the note was assigned by B. to C., and by C. to the complainant; that neither the complainant nor any of the parties to the note discovered the mistake until a suit at law was brought upon the note, and the jury had retired to consider of their verdict, when a verdict was rendered for the defendant under the direction of the Court, on account of the variance between the words "eight," in the declaration, and "eighteen," in the note; that the defendants refused to correct the mistake or pay the money. The bill concluded with a prayer that the mistake should be corrected, and the defendants decreed to pay the money mentioned in the note: *Held*, on demurrer to the bill, that the complainant was entitled to the relief sought.

Courts of chancery have jurisdiction in all cases of mistake, which happen in drawing up written instruments between parties.

Where a party in drawing a note intended to make it payable in 1836, but by mistake, wrote one thousand *eighteen* hundred and thirty-six: *Held*, that a court of chancery had jurisdiction to correct the mistake; and having once obtained jurisdiction, the Court would do complete justice between the parties, and give such a judgment, as a court of law would give, if a suit should be brought on the corrected note.

The want of a formal order on the record, that the bill be taken *pro confesso*, cannot be assigned for error.

It is not necessary for a court of chancery to refer a note to a master, in order to compute the damages. Such reference is only necessary where long accounts are to be adjusted, and a balance ascertained.

J. Lamborn and J. Berdan, for the plaintiffs in error.

R. Yates, for the defendant in error.

Lockwood, Justice delivered the opinion of the Court :

This was a bill in chancery filed in the Morgan Circuit Court by Berry against Savage and Pratt.

The bill alleges that on the 12th of August, 1834, Savage and Pratt made their note to one Henry Bangs for $ 175; that the note was to be made payable in April, 1836, but in writing the note there was a mistake made in the time of payment, by inserting in the note that it was payable, one thousand eighteen hundred and thirty-six.

The bill further states that the note was assigned by Bangs to one Smith, and by Smith to the complainant's intestate.

The bill also states that the complainant when he purchased the note, did not discover the mistake, nor was the mistake known to any of the parties to the note. That a suit was instituted on the note, and the declaration stated that the note was payable in April, 1836. On the trial of the cause the note was read without objection, it not then having been discovered by the counsel for either party, that there was a variance between the note and the declaration. That the jury on their retirement discovered the variance, and came into Court, and under the direction of the Court found a verdict for the defendant, under the plea of *nil debet.*

The bill then charges that Savage and Pratt refuse to correct the error in the note, and refuse to pay the money ; wherefore the complainant prays that the mistake may be corrected, and the defendants decreed to pay the money.

On the 14th of October, 1837, a summons was issued, returnable to the 4th Monday of October, then instant, which was returned served on Savage, one of the defendants.

At the March term, 1838, Savage, one of the defendants, filed a demurrer to the bill, which was joined by complainant. On the 18th of October, 1838, an *alias* summons was issued, returnable to the 4th Monday of October, then instant, which was duly returned, served on Pratt.

At the March term, 1840, the cause was heard upon the demurrer to the bill, and the Court overruled the demurrer, and the defendant not further answering, and the Court having heard the cause, decreed that the note be reformed and corrected, and the time limited for the payment of the note be held and considered as the 1st of October, 1836, instead of the time erroneously stated on the face of the note ; and the Court further decreed, that complainant recover of the defendants the amount due on the note, amounting to $ 214,67 and costs.

Numerous errors have been assigned ; it is, however, only necessary to notice the following, to wit: First, That the Court erred

in overruling the defendant's demurrer to the bill. Secondly, That it was error not to have entered on the record, that the bill was taken *pro confesso.* Thirdly, That the Court erred in not referring the note to a master or clerk to assess the damages.

Did the Court err in overruling the demurrer? Courts of chancery have jurisdiction in all cases of mistake which happen in drawing up written instruments between parties. The defendant Savage, by demurring to the bill, admitted the facts set out in the bill.

The mistake committed in the note, clearly gave the Court of chancery jurisdiction over the subject matter, and the Court having once lawfully possessed itself of jurisdiction, the law is well settled, that it may go on and do complete justice between the parties.

It would have been improper for the Court below, after having determined that there was a mistake in the note, and ordered it to be corrected, to have then left the complainant to have collected his money by bringing another suit at law.

It was however urged, that as the complainant had resorted to a court of law to recover the money, he was bound by the decision in that court, and that if that decision was erroneous, that he should have appealed.

The answer to this argument is, that the defendants had against good conscience, availed themselves of a mistake in the note to defeat a recovery ; and that as the mistake stood in the way of a recovery at law, a resort to chancery became necessary to correct the mistake, and being compelled by the acts of the defendants to resort to equity, that court might render such a judgment as a court of law would give, provided a suit was brought on the corrected note.

The want of a formal order on the record, that the bill be taken *pro confesso,* is not seen. The demurrer by the defendant Savage, to the bill, and the subsequent decision against him, by the Court, are fully equivalent to taking the bill as confessed, against him. The summons against Pratt was returned served at the October term, 1838, and the final decree was not rendered until March, 1840. He had upwards of a year to enter his appearance, and answer or demur to the bill. The want of a mere formal entry that the bill is taken for confessed, has not in the least degree prejudiced him. Under a similar statute relative to chancery practice in Kentucky, the Court of Appeals of that State decided that it was not necessary that it should appear formally on the record, that the bill had been taken for confessed. (1)

The Court there say, " The subpœna was executed on Reynolds. He did not answer. The Court had therefore a right to decree

(1) 1 J. J. Marsh. 547.

against him ; and it is not necessary that it should appear formally on the record that the bill was taken for confessed against him. "

It must however be admitted that the Kentucky courts have not been uniform on this point. In the case of Shield's Heirs *v.* Bryant, (1) the Court held it to be erroneous to pronounce a decree where the bill had not been taken as confessed.

These cases cannot be reconciled, but as the objection is purely technical, not in the least affecting the justice of the case, we think the decision reported in Marshall, founded on the best reasons, and therefore consider it the safest precedent.

The last error relied on, that the Court did not refer the note to a master, is entitled to no weight. The object of referring questions to a master, is to relieve the Court from a heavy burden. Where long accounts are to be adjusted, and a balance ascertained, it is proper to refer them to a master ; but in this case, where all that was to be done was merely to compute the interest, it was wholly unnecessary.

The decree below is consequently affirmed, with costs.

*Decree affirmed.*

*Note.* See Berry *v.* Savage *et al., Ante* 261.